IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY DAVID HARRELL )
)
v. ) NO. 3:05-0527
)
RONNIE TOUNGETTE, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By order entered July 6, 2006 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) & (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff filed this action pro se and in forma pauperis asserting that his constitutional rights were violated while he was an inmate at the Humphreys County Jail ("Jail") during 2004. Named as defendants are Humphreys County Sheriff Ronnie Toungette, Jailers Paula Miller and Jane Moore, and the Humphreys County Jail.

The plaintiff alleges that he was bitten by a spider at the Jail on or about July 6, 2004, and was not provided with proper medical treatment for his injury. He asserts that the bite did not heal until eight months later and that he suffered needless pain and has a three inch scar from the bite because of the lack of prompt and proper treatment.

The defendants answered the complaint and a scheduling order was entered on August 4, 2005. The scheduling order (Docket Entry No. 11) set an evidentiary hearing for February 8, 2006. By order entered August 16, 2005 (Docket Entry No. 13), the Court denied the plaintiff's request (Docket Entry No. 12) to extend the discovery completion deadline because of his pending release

from incarceration.[1]  The plaintiff was granted leave to file a motion for an extension of time if he still required more time for discovery after his release from incarceration.  No such motion was filed, and the plaintiff was released from incarceration sometime in the fall of 2005, to a free world address in New Johnsonville, Tennessee.  See Docket Entry No. 14.  The plaintiff has not contacted the Court since his release.

The plaintiff failed to appear at the evidentiary hearing convened on February 8, 2006.  Counsel for the defendants informed the Court that the plaintiff had not contacted him about the hearing, had not responded to written discovery requests, and had not appeared for his noticed deposition.[2]  The plaintiff did not seek a continuance of the hearing or otherwise contact the Court about the hearing.  The plaintiff also did not file a pre-hearing order prior to the evidentiary hearing as required in the scheduling order.

It is well settled that federal trial courts have the inherent power to manage their own dockets.  Link v. Wabash Railroad Co., 370 U.S. 626 (1961).  Further, Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contemptuous conduct, or failure to prosecute by the plaintiff.  Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980); see Bishop v. Cross, 790 F.2d 38, 39 (6th Cir. 1986); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam).

The plaintiff's failure to appear at the scheduled hearing indicates that he has lost interest in this action.  The Court recommends that this action be dismissed with prejudice due to the plaintiff's

---

[1] In the order, the Court noted that the plaintiff referred in his August 11, 2005, letter to the November 8, 2005, evidentiary hearing, and clarified that the evidentiary hearing was scheduled for February 8, 2006, not November 8, 2005.

[2] The defendants' counsel advised the Court at the evidentiary hearing that he had attempted to telephone the plaintiff on October 25, 2005, the date of the plaintiff's scheduled deposition, but no one answered the telephone and he was unable to leave a message.  The defendants' counsel also advised the Court that defendant Toungette had seen the plaintiff in Waverly, Tennessee, in January of 2006, when the plaintiff was reporting to his probation officer.

lack of interest in the action, the hardship it would cause the defendants to face the prospect of defending a future action based on allegations which they are currently ready to defend against, and the needless misuse of judicial resources the plaintiff has caused by initiating this action and then failing to prosecute it.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge